## Case No. 9,531.

### MICKUM v. PAUL.

### MICKUM v. EDDS.

[2 Cranch, C. C. 568.] [1]

Circuit Court, District of Columbia. May Term, 1825.

JUSTICE OF PEACE—JURISDICTION — CAPIAS—TRESPASS—PROPER REMEDY.

A justice of the peace has jurisdiction in a case of a small debt, and his judgment is not absolutely void; and the officer who serves a ca. sa. upon that judgment is not a trespasser; although the plaintiff's proper remedy was upon the defendant's administration-bond, the penalty of which was $500, and so beyond the jurisdiction of the justices.

Trespass and false imprisonment.

William Mickum was a constable, and S. Mickum was his surety in his official bond. W. Mickum, the constable, had received money for Charles Paul, and had failed to pay it over. Paul, supposing S. Mickum to be liable to him for the money received by William Mickum, the constable, brought suit in his own name against S. Mickum, before a justice of the peace. S. Mickum appeared before the justice and denied his jurisdiction, contending that if liable for the money received by William Mickum, it was only upon the bond, the penalty of which was $500, and upon which no suit could be brought before the justice. But the justice overruled the objection to his jurisdiction, and rendered judgment against S. Mickum for $2.50, upon which Paul issued a ca. sa. which was served by [John] Edds, who was a constable, and who arrested and imprisoned the defendant, S. Mickum; for which arrest and imprisonment, this action of trespass is now brought.

J. Dunlop, for plaintiff, contended that the justice had no jurisdiction in the case; and that, therefore, both the constable who served, and the party who procured the ca. sa. were guilty of trespass and false imprisonment. S. Mickum could be made liable only by a suit upon the bond, of which the justice clearly had no jurisdiction.

C. Cox, for defendant Edds, the constable, prayed the court to instruct the jury, that the constable was justified by the ca. sa. The suit before the justice was not upon the bond, for then the suit would have been in the name of the United States, the obligee. But it was a simple action of debt by Charles Paul against S. Mickum. The justice might have been mistaken as to the liability of S. Mickum for the money received by William Mickum; but that was only an error of judgment, upon which the defendant might have appealed, if the judgment had been for more than five dollars. So, if the justice admitted improper evidence, it would be matter for appeal, but would not deprive him of jurisdiction.

J. Dunlop, contra. The averment in the

warrant, that it was for debt, within the jurisdiction of the justice, did not give him jurisdiction. The question depends upon the nature of the case; as, if, upon a warrant for debt, he should give judgment for a trespass. Yates v. Lansing, 5 Johns. 282; Esp. N. P. (Am. Ed.) 195; Ritchie v. Stone [Case No. 11,864], in this court, at October term, 1821; Wells v. Hubbard [Id. 17,397], at April term, 1822; Brown v. Compton, 8 Term R. 424; 1 Salk. 273, pl. 5; Orby v. Hales, 1 Ld. Raym. 3; Crump v. Halford, 4 Mod. 353; The Marshalsea, 10 Coke, 76 (a); Nichols v. Walker, Cro. Car. 395; Hill v. Bateman, 2 Strange, 710; Shergold v. Holloway, Id. 1002; Smith v. Bouchier, Id. 993; Perkin v. Proctor, 2 Wils. 385.

P. Dunlop, in reply, cited Selw. N. P. 923, and the case of Shergold v. Holloway, 2 Strange, 1002.

THE COURT (nem. con.) was of opinion that inasmuch as the warrant in this case was for a debt under five dollars, and the justice professed to act in a case of debt within his jurisdiction, his having received the bond in evidence did not deprive him of jurisdiction in the case. Paul claimed of S. Mickum two and one half dollars as a debt; for this the justice issued his warrant. The question, whether Mickum was indebted to Paul in that sum, was a question within the jurisdiction of the justice. It might have been supported by proper evidence; and the admission of improper evidence could only be ground of reversal upon appeal, if an appeal were given, but did not oust the justice of his jurisdiction.